IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JEFFERY S. COWGILL                                                                                          PLAINTIFF
ADC #145476

v.                                              4:24-cv-00543-BRW-JJV

GARY MUSSELWHITE
Warden, Cummins Unit, ADC, *et al.*                                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      DISCUSSION**

Jeffery S. Cowgill ("Plaintiff") is a prisoner in the Cummins Unit of the Arkansas Division of Correction who filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.) On July 17, 2024, I entered an Order pointing out several pleading deficiencies in the Complaint, giving Plaintiff the opportunity to file an Amended Complaint curing them, and cautioning Plaintiff that an Amended Complaint would replace his Complaint and render it without any legal effect. (Doc. 10.) Thereafter Plaintiff filed an Amended Complaint (Doc. 11), and four days later, a Second Amended Complaint (Doc. 13) with a supporting Affidavit (Doc. 14.) Pursuant to my July 17, 2024 Order, the Second Amended Complaint and supporting Affidavit are the operative

1

pleadings, which I will now screen pursuant to 28 U.S.C. § 1915A.[1]

In the Second Amended Complaint, Plaintiff says unnamed individuals have denied him access to the law library and forced him to "spend my indigent on envelopes and do without basic hygiene items." (Doc. 13-1 at 6.) But, despite my previous instructions, he has not explained which, if any, of the five named Defendants were personally involved in these alleged constitutional violations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Further, to plead a plausible access to the courts claim, a prisoner must provide facts suggesting: (1) hinderance of an arguably meritorious underlying legal claim, (2) challenging a prisoner's criminal conviction, sentence, or the conditions of his or her confinement, (3) that resulted in an actual injury. *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996); *Holt v. Howard,* 806 F.3d 1129, 1133 (8th Cir. 2015); *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). In this respect, actual injury means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. And it is not enough that court access "could be impeded;" instead, "a prisoner must show that it actually has been" impeded. *Johnson v. State of Mo.*, 142 F.3d 1087, 1089 (8th Cir. 1998). Plaintiff says the denial of access to the law library and lack of envelopes has "hindered my prosecution of this case." (Doc. 13-1 at 5.) But he has not explained how. And no such hinderance is apparent from the record because the Court has received multiple filings from Plaintiff. Further,

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

as will be explained herein, no arguably meritorious claim has been pled by Plaintiff. Thus, I conclude he has not pled a plausible access to the courts claim.

Additionally, to state a plausible conditions of confinement claim, there must be facts suggesting: (1) objectively, the prisoner was subjected to conditions that created a substantial risk of serious harm to his health or safety; and (2) subjectively, each defendant was aware of but deliberately indifferent to the risk of harm posed by those conditions. *Kulkay v. Roy,* 847 F.3d 637, 642-43 (8th Cir. 2017); *Davis v. Oregon Cnty., Mo.,* 607 F.3d 543, 548-49 (8th Cir. 2010). Plaintiff has not explained how long he was denied hygiene supplies, what supplies he did not receive, which defendant subjectively knew he did not have sufficient hygiene supplies, or how he was harmed by any such denial. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (Only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation); *Tokar v. Armontrout*, 97 F.3d 1078, 1082 (8th Cir. 1996) (unsanitary conditions of confinement may "be tolerable for a few days and intolerably cruel for weeks or months"); *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation"). Thus, I conclude he has also failed to plead a plausible conditions of confinement claim.

Finally, in his supporting Affidavit, Plaintiff says on July 2, 2024, Defendant Woods and others allegedly told him during a classification hearing that he would "no longer be housed in East Hall, i.e., Bk's 9-16." (Doc. 14 at 1.) Nevertheless, Defendant Woods allegedly put Plaintiff "in East Hall Barracks 9A, right across the hall from the Barracks [he] was assaulted in at chow." (*Id*.) To state a viable failure to protect claim, an inmate must allege that: (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, the defendants knew of, but

deliberately disregarded, that substantial risk of serious harm. *Hodges v. Dep't of Corr.*, 61 F.4th 588, 592 (8th Cir. 2023); *Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020). Plaintiff has not explained how living across the hall from where he was previously assaulted by an unspecified individual on an unknown date currently creates an objectively serious risk that he will be seriously harmed in his new barrack. Thus, I conclude this allegation is too vague to support a plausible failure to protect claim. *See Iqbal,* 556 U.S. at 678 ("labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible § 1983 claim).

## II.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Second Amended Complaint (Doc. 13) be DISMISSED without prejudice for failing to state a plausible claim.

2. In the future, dismissal of this action be counted as a strike under 42 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 31st day of July 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE