## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

JEFFERY S. COWGILL                                                              PLAINTIFF
ADC #145476

v.                                    4:24-cv-00543-BRW-JJV

GARY MUSSELWHITE,
Warden, Cummins Unit, ADC, *et al.*                                        DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United

States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this

Recommendation.  Objections should be specific and include the factual or legal basis for the

objection.  If the objection is to a factual finding, specifically identify that finding and the evidence

that supports your objection.  Your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of this Recommendation.

Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

## I.     INTRODUCTION

Jeffrey Cowgill ("Plaintiff") is a prisoner in the Cummins Unit of the Arkansas Division

of Correction ("ADC").  His Third Amended Complaint alleges Defendants Musselwhite, Pierce,

Young, Coleman, Woods, and Nash violated the Eighth Amendment by failing to protect him from

being attacked on June 2024. (Doc. 21.)  All other claims and Defendants have been previously

dismissed without prejudice.  (Doc. No. 20.)

Defendants filed a Motion arguing they are entitled to summary judgment because Plaintiff

did not exhaust his available administrative remedies.  (Docs. 48-50.) Plaintiff filed a Response in

opposition,  (Doc. No. 54), and after initial review, I asked for supplemental briefing.  (Doc.  No.

56.)  Defendants filed a Supplement Brief on the Issue of Exhaustion, (Doc. No. 63), and Plaintiff

chose not to supplement, although he has filed three affidavits and a Motion to Proceed.   (Docs.

No. 64-67.)

After careful review and consideration of the pleadings in this matter, I recommend the

Motion be GRANTED, Plaintiff's Eighth Amendment failure to protect claim be DISMISSED

without prejudice, and this case be CLOSED.

## II.     SUMMARY JUDGEMENT STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to

the nonmoving party, demonstrates there is no genuine dispute as to any material fact and the

moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp.*

*v. Catrett,* 477 U.S. 317, 322-23 (1986).   The moving party bears the initial burden of

demonstrating the absence of a genuine dispute of material fact.  *Celotex,* 477 U.S. at 323.

Thereafter, the nonmoving party cannot rest on mere denials or allegations in the pleadings, but

instead, must come forward with evidence supporting each element of the claim and demonstrating

there is a genuine dispute of material fact for trial.  *See* Fed R. Civ. P. 56(c); *Celotex*, 477 U.S at

322; *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).   In this regard, a factual dispute is

"genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-

moving party."  *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC,* 76

F.4th 753, 757 (8th Cir. 2023).

## III.    EXHAUSTION

### A.      The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought

with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

**B.    ADC's Grievance Policy**

The ADC grievance policy in effect at the time of the alleged constitutional violation was Administrative Directive 19-34, which establishes a three-step procedure. (Doc. 48-2.) First, the inmate must attempt informal resolution by submitting a form to a designated problem solver within fifteen days of the incident. (*Id.* at § IV(E)(2).) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (*Id*.)    Inmates are cautioned a "[g]rievance must specifically name each individual involved in order that a proper investigation and response may be completed" and an inmate who "fails to name all parties during the grievance process may have his or her lawsuit or claim dismissed by

the court or commission for failure to exhaust against all parties." (*Id*. § IV(C)(4).)

Second, if informal resolution is unsuccessful or the problem solver does not timely respond, the inmate must file a formal grievance within three working days by completing a different section on the same form. (*Id*. § IV(E)(11) and (F)(1).) The Warden must provide a written response within twenty working days. (*Id*. § IV(F)(5) and (7).)

Third, an inmate who is dissatisfied with the grievance response, or who does not timely receive a response, must appeal within five working days to the appropriate ADC Deputy Director. (*Id*. § IV(F)(9) and (G)(6).) And that response ends the grievance process. (*Id*.)

### C.    Grievance CU-24-00726

Defendants' Supplemental Brief reports that Inmate Grievance Appeal Coordinator, Lakisha Lee, searched Plaintiff's grievance history from June 24, 2024, to August 6, 2024, and found that Mr. Cowgill had only filed one grievance that pertained to his claims in this lawsuit. (Doc. 63 at 6.) Defendants state:

> Ultimately, Plaintiff failed to exhaust his administrative remedies. Not only did he fail to exhaust prior to filing his initial Complaint, but he also failed to exhaust prior to filing his Third Amended Complaint. The ADC's Inmate Grievance Policy explicitly informs inmates that they must exhaust their administrative remedies as to all defendants at all levels of the grievance process before filing a Section 1983 lawsuit or their lawsuit or claims may be dismissed immediately pursuant to the exhaustion requirements of the Prison Litigation Reform Act. (Doc. No. 48-1, ¶¶ 31, 36; Doc. No. 48-2, §§ IV (C) & (N); Doc. No. 50, ¶ 39). Plaintiff only filed one grievance that was relevant to his claims in this lawsuit, Grievance CU-24-00726. (Supp. Ex. 1, ¶ 5; Supp. Ex. 2.) Not only did Plaintiff fail to name Defendant Marci Nash in the grievance, but he also failed to appeal the grievance to the Deputy Director's Level. (Supp. Ex. 1, ¶ 8; Supp. Ex. 2, at 4.) Because Plaintiff did not appeal the grievance to the final step of the grievance process, he never received a decision on the merits at the Deputy Director's Level, and he failed to exhaust the grievance in accordance with the ADC's grievance policy.

(Doc. No. 63 at 7.)

Ms. Lee has provided a Supplement Declaration verifying these facts, (Doc. No. 63-1), and Defendants have provided a copy of the actual grievance. (Doc. No. 63-2.)  The copy of the grievance further confirms that Mr. Cowgill failed to exhaust his administrative remedies by neglecting to appeal to the Deputy Director. (*Id.* at 4.)  And Mr. Cowgill has offered no contrary evidence.  Accordingly, Defendants Motion for Summary Judgment on Exhaustion, should be granted.  (Doc. No. 48.)

I realize Mr. Cowgill may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court.  To the contrary, the exhaustion requirement plays a critical role in the remedy process.  The Supreme Court of the United States explained the important role of exhaustion as follows: "requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court.  This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record."[1]  *Jones v. Bock*, 549 U.S. 199, 204 (2007).

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.        Defendants' Motion for Summary Judgment (Doc. 48) be GRANTED, Plaintiff's claims be DISMISSED without prejudice, and this case be CLOSED.

2.        The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not

---

[1] In *Jones*, the Supreme Court of the United States was describing exhaustion in the Prison Litigation Reform Act ("PLRA") context.  Although the PLRA does not apply to petitions of writs of habeas corpus, the rationale behind exhaustion under the PLRA offers insight into the exhaustion requirement in the habeas context for petitions brought under 28 U.S.C. § 2241.  18 U.S.C. § 1997e(a).

be taken in good faith.

DATED this 6th day of February 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE